UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
:
CHARLIE ABNEY et al.,
:
                Plaintiffs,      08 Civ. 7344 (WHP)
:
      -against-      MEMORANDUM & ORDER
:
GENERAL ELECTRIC CO. et ano.,
:
                Defendants.
---------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs bring this action against Defendants General Electric Company ("GE") and BHA Group, Inc. ("BHA") pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. Defendants move to transfer the action to the Western District of Missouri or the Southern District of Alabama. For the following reasons, Defendants' motion is granted and this action is transferred to the Southern District of Alabama.

## BACKGROUND

        GE acquired BHA in 2004. (First Amended Complaint dated Dec. 10, 2008 ("Am. Compl.") ¶ 16.) BHA contracts with industrial producers of effluent, such as power generation stations, to change filters, known as bags. (Am. Compl. ¶ 18.) BHA's headquarters and principal place of business are in Kansas City, Missouri. (Blair Aff. ¶ 5.)

        Until 1996, Ray Lacy was a technical advisor at BHA who supervised crews that cleaned and changed bags. (Am. Compl. ¶ 20.) In 1996, Ray Lacy left BHA and started Lacy Enterprises, which subcontracted workers to BHA to clean and change bags. (Am. Compl. ¶¶

20-23; Declaration of Ray Lacy dated Mar. 6, 2009 ("Lacy Decl.") ¶ 2.) Lacy Enterprises is headquartered in Florida. (Blair Aff. ¶ 8.)

Plaintiffs are sixty-three African-American males who are poor and underemployed. (Am. Compl. ¶ 10.) Sixty-two of them reside in Monroeville, Alabama, and the other lives in Milton, Florida. All of them were subcontracted by Lacy Enterprises to work for BHA at various locations, including several in Alabama. (Am. Compl. ¶¶ 8, 26.) Plaintiffs performed no work in New York. (Affidavit of Scott Blair dated Feb. 4, 2009 ("Blair Aff.") ¶ 10; Lacy Decl. ¶ 22.) Plaintiffs claim that they were racially harassed and eventually fired by Lynn Dyer, a technical advisor at BHA who supervised them at many locations around the country. (Am. Compl. ¶ 28-56.)

The parties dispute whether GE maintains its principal place of business in New York or Connecticut. (Blair. Aff. ¶¶ 3-4; Am. Compl. ¶ 11.) GE has an office in New York, New York and in all other states, including an office in Mobile, Alabama. (Blair Aff. ¶¶ 5-6.) In addition, Plaintiffs allege that GE does not maintain BHA as a separate corporate entity, that BHA's functions are carried out by GE employees, and that BHA exists only as a brand name. (Am. Compl. ¶ 17.) In contract, Defendants contend that BHA is a separate entity because it has its own board of directors, makes its contracts, hires its employees, and performs its own human resources functions. (Blair Aff. ¶ 4.)

Other than Plaintiffs, the parties identify as key witnesses: (1) Ray Lacy, who lives in Pensacola, Florida, (Lacy Decl. ¶ 17); (2) Ray Lacy's son, Tony Lacy, a current or former Lacy Enterprises supervisor who Defendants assert resides in Pensacola, Florida, while Plaintiffs claim he lives in Alabama; (3) Dyer, who lives in Indiana, (Blair Aff. ¶ 12); (4) Cale

2

Collier, a former BHA employee, who resides in Martinez, Georgia; and (5) four BHA employees in Kansas City, Missouri, (Blair Aff. ¶¶ 14-16).

## DISCUSSION

A court may transfer an action to any other district where the case might have been brought if the transfer serves "the convenience of the parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing by clear and convincing evidence that transfer is appropriate. See Am. S.S. Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 480-81 (S.D.N.Y. 2007). The movant must first establish that jurisdiction over the defendants exists in the transferee court and that venue is proper there. See Hoffman v. Blaski, 363 U.S. 355, 343-44 (1960); G. Angel Ltd. v. Camper & Nicholsons USA, Inc., 06 Civ. 3495 (PKL), 2008 WL 351660, at *3 (S.D.N.Y. Feb. 2, 2008).

If the action could have been brought in the transferee court, then the court must consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight to be accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. Am. Eagle Outfitters, Inc. v. Tala Bros. Corp., 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). "There is no rigid formula courts must adhere to in balancing these factors." G Angel, 2008 WL 351660, at *4.

3

I. Jurisdiction and Venue

   A. Jurisdiction

      1. Western District of Missouri

For purposes of the present motion, this Court accepts Plaintiffs' contention that after GE acquired BHA, BHA was not maintained as a separate corporation and was utilized only as a brand name. However, BHA's business is conducted from Kansas City, Missouri because it maintains its headquarters there and a number of key employees operate out of that office. This is sufficient to establish that Defendants are subject to personal jurisdiction in Missouri. See, e.g., Wineteer v. Vietnam Helicopter Pilots Ass'n, 121 S.W.3d 277, 282 (Mo. Ct. App. 2003) ("[G]eneral jurisdiction exists when a foreign corporation [is] present and conducting substantial business in Missouri.").

      2. Southern District of Alabama

While GE maintains an office in Alabama, no evidence was offered on this motion as to what business is conducted there. Under Alabama's long-arm jurisdiction statute, a nonresident defendant must have "minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Vista Land & Equip., LLC v. Computer Progress & Sys., Inc., 953 So. 2d 1170, 1174 (Ala. 2006) (internal citations and quotation marks omitted). "The minimum-contacts analysis focuses on the defendant's contacts with the forum state and whether the defendant has purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Vista Land, 953 So. 2d at 1174 (internal citations and quotation marks omitted). Plaintiffs worked at several BHA projects in Alabama. This is sufficient to

establish that GE and BHA availed themselves of the privilege of conducting activities within that state.

B. Venue

Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1). "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because GE and BHA are subject to personal jurisdiction in both the Western District of Missouri and the Southern District of Alabama, venue is proper in both districts.

Having determined that this action could have been brought in either the Western District of Missouri or the Southern District of Alabama, the Court considers whether a transfer would serve "the convenience of the parties and witnesses, [and is] in the interest of justice."

II. Balancing of the Factors

A. Convenience of the Witnesses

"The convenience of the forum for witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." G Angel, 2008 WL 351660, at *4. The non-party witnesses in this case are located in Florida, Indiana, and Georgia. Neither the Western District of Missouri nor the Southern District of New York nor is convenient to those witnesses. While Ray Lacy claims he is willing to travel to New York for trial, but unwilling to go to Missouri, he is silent on his willingness to travel to Alabama. Pensacola, Florida is less than 60 miles from the federal courthouse in Mobile, and therefore, is convenient to Ray Lacy. In addition, whether Tony Lacy resides in Alabama or Pensacola,

5

Florida, the Southern District of Alabama is also convenient for him. Accordingly, this factor weighs in favor of transfer to the Southern District of Alabama.

### B. Location of Relevant Documents

While Defendants argue that the relevant documents are in Kansas City, Missouri at BHA's headquarters, there is no reason to believe that there might not be relevant documents in other locations, such as Pensacola, Florida. In addition, this case is not likely to be a highly document-intensive case. Accordingly, this factor does not weigh in favor or against transfer.

### C. Convenience of the Parties

The Western District of Missouri is convenient to BHA, which is headquartered in Missouri. While it is true that GE does extensive business in New York and Connecticut, and therefore, the Southern District of New York is convenient to GE, there is no evidence that relevant GE witnesses or documents are located in New York or Connecticut.

Plaintiffs argue that the Southern District of New York is convenient for them because they chose the forum. However, convenience and choice of forum are separate factors. Moreover, the federal courthouses in the Southern District of Alabama (Mobile and Selma) are less than 80 miles from Monroeville, Alabama where all but one Plaintiff lives. Thus, the Southern District of Alabama is more convenient to Plaintiffs, particularly in view of their claim that they are poor and underemployed. Given Plaintiffs' financial circumstances, this Court finds that this factor weighs in favor of transfer to the Southern District of Alabama.

### D. The Locus of Operative Facts

The facts relevant to this action occurred all over the country. Thus, the locus of operative facts is not in any of the three fora under consideration and this factor does not weigh in favor or against transfer.

6

E. The Availability of Process to Compel Witnesses

This Court does not have the ability to compel the attendance of any of the non-party witnesses at trial because none of them reside within 100 miles of the Southern District of New York. See Fed. R. Civ. P. 45. The same is true for the Western District of Missouri. However, the Southern District of Alabama has the ability to compel Ray Lacy, and likely Tony Lacy as well, to testify at trial. Accordingly, this factor favors transfer to the Southern District of Alabama.

F. The Relative Means of the Parties

Defendants have significantly more financial resources than Plaintiffs. However, this favors transfer of the action to the Southern District of Alabama, where Plaintiffs reside, rather than retention in this district, where no witnesses are located.

G. The Forum's Familiarity with the Law

The claims in this action all require interpretation of federal law. Accordingly, this factor does not weigh in favor or against transfer.

H. Plaintiffs' Choice of Forum

A "plaintiff's choice of forum is generally entitled to great deference when the plaintiff has sued in the plaintiff's home forum." Iragorri v. United Techs. Corp., 274 F.3d 65, 75 (2d Cir. 2001); see also In re AtheroGenics Sec. Litig., No. 05 Civ. 0061 (RJH), 2006 WL 851708, at *2 (S.D.N.Y. Mar. 31, 2006) ("A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant."). Plaintiff's chosen forum "is given less weight where . . . plaintiff is not a resident of the forum and the cause of action is minimally connected with the forum." Pierce v. Coughlin, 806 F. Supp. 426, 429 (S.D.N.Y. 1992); see also Eichenholtz v. Brennan,

7

677 F. Supp. 198, 201 (S.D.N.Y. 1988). While Plaintiffs have chosen this district, they do not reside here. In addition, the action is minimally, if at all, connected to the Southern District of New York. While GE may be located in this district, none of the witnesses are here and none of the events occurred in New York. Accordingly, the factor weighs minimally in favor of retention of the case in this district.

I. Trial Efficiency and the Interests of Justice

This action is at a very early stage and this Court has not developed any significant familiarity with the case. Accordingly, this factor does not weigh in favor or against transfer.

Weighing all the factors, transfer of this action to the Southern District of Alabama is warranted. There are no witnesses in this district. None of the events connected to this case occurred in this district. While Plaintiffs' choice of this forum is to be given some weight, no other factor weighs in favor of this district. The convenience to the parties and witnesses, the relative means of the parties, and the availability of process to compel testimony all favor the Southern District of Alabama. Accordingly, Defendants' motion to transfer the action to the Southern District of Alabama is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer this action to the Southern District of Alabama is granted. The Clerk of the Court is directed to transfer the action and close this case.

Dated: May 4, 2009
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Rebecca Houlding, Esq.
Joshua Friedman, Esq.
25 Senate Place
Larchmont, NY 10538-1626
*Counsel for Plaintiffs*

John F. Wymer, III Esq.
Danielle Marie White, Esq.
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, NE
Suite 2400
Atlanta, GA 30308
*Counsel for Defendants*